UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES G. WILLENBRING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Malcolm J. Howard, District Judge.  (CA-04-26-5-H)

Submitted:  March 10, 2006          Decided:  April 27, 2006

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Charles G. Willenbring, Appellant Pro Se. Rudolf A. Renfer, Jr., Assistant United States Attorney, Steve R. Matheny, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles G. Willenbring appeals from the dismissal of his 28 U.S.C. § 2241 (2000) petition challenging his military convictions. The district court determined that the military courts had fully and fairly considered all of Willenbring's claims, and thus, federal review of the merits was improper. After a careful review of the record, we affirm the dismissal of Willenbring's non-jurisdictional claims for the reasons stated by the district court. See United States v. Willenbring, No. CA-04-26-5-H (E.D.N.C. June 28, 2005). However, we vacate the dismissal of Willenbring's claims attacking the jurisdiction of the court-martial court and remand for consideration of the merits of the claims.

Federal civil courts have only limited authority to review court-martial proceedings. See Burns v. Wilson, 346 U.S. 137, 139-42 (1953). In general, if the military courts have fully and fairly reviewed the petitioner's claims, the federal court cannot review them. See Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003). However, we may consider habeas claims challenging the court-martial's jurisdiction. See McClaughry v. Deming, 186 U.S. 49, 68-69 (1902); Monk v. Zelez, 901 F.2d 885, 888 (10th Cir. 1990). A court-martial court is a court of special and limited jurisdiction. Runkle v. United States, 122 U.S. 543, 555 (1887). It is a creature of statute, and it must be convened and

- 2 -

constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction. <u>Deming</u>, 186 U.S. at 62.

Willenbring raises two claims challenging the jurisdiction of the military courts. First, he asserts that the court-martial court lacked jurisdiction over him because he had been honorably discharged from his enlistment prior to the institution of court-martial proceedings. Second, he claims that the court-martial court could not exercise continuing jurisdiction over certain charges under Article 3(a) of the Uniform Code of Military Justice. While we express no opinion on the merits of these claims, we hold that the district court erred in refusing to consider them.

Accordingly, we vacate the portion of the district court's order dismissing Willenbring's jurisdictional challenges, remand those claims for further consideration, and affirm the remainder of the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>