# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JACOB R. GRANT**
**United States Army, Appellant**

ARMY 20150572

Headquarters, 7th Infantry Division
Kenneth W. Shahan, Military Judge
Colonel Robert F. Resnick, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Michael A. Gold, JA (on brief); Captain Katherine L. DePaul, JA; Captain Michael A. Gold, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief).

25 May 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

In this case we set aside the sexual misconduct charges of which appellant was convicted because during the court-martial the military judge stated that he would consider each charge of sexual misconduct as propensity evidence of each of the other charges of sexual misconduct. This now violates the guidance set forth by our superior court regarding consideration of sexual charged offenses as propensity evidence to support other charges sexual assault offenses. See *United States v. Hukill*, 76 M.J. __, 2017 CAAF LEXIS 305 (C.A.A.F. 2 May 2017).

A military judge sitting as general court-martial convicted appellant, contrary to his pleas, of one specification of failure to report, two specifications of violating a lawful order, one specification of making a false official statement, four specifications of abusive sexual contact, and one specification of sexual assault, in violation of Articles 86, 92, 107, and 120, Uniform Code of Military Justice, 10

GRANT–ARMY 20150572

U.S.C. §§ 886, 892, 907, 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for eight months, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. As one of appellant's assigned errors merits relief, we do not address the remaining assignment of error or the matters personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## BACKGROUND

On 19 August 2015, trial counsel filed a notice of intent to offer evidence under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. On 24 August 2015, trial counsel filed a motion in limine for an order admitting evidence under Mil. R. Evid. 413, requesting that the military judge "consider charged sexual offenses in the Charges and Additional Charges as [Mil. R. Evid.] 413 evidence to prove propensity of [appellant] to commit sexual offenses . . . and the [appellant's] modus operandi and absence of mistake or accident in committing these offenses."

During appellant's court-martial, the military judge informed the parties of his Mil. R. Evid. 413 ruling: "I will be considering each charge of sexual misconduct as propensity evidence of each of the other charges of sexual misconduct under Article 120."

## LAW AND ANALYSIS

After appellant's court-martial, our superior court held it to be constitutional error for a military judge to give an instruction to a panel that permits Mil. R. Evid. 413 to be applied to evidence of charged sexual misconduct. *United States v. Hills*, 75 M.J. 350, 352 (C.A.A.F. 2016). More recently, our superior court held "the rationale of *Hills* is equally applicable to both members and military judge-alone trials." *Hukill*, 2017 CAAF LEXIS 305, at *2.

In this case, the military judge's decision to consider charged sexual offenses as propensity evidence supporting other charged offenses violates our superior court's decision in *Hukill*. On the facts of this case, we apply the guidance provided by our superior court and find that we are not convinced beyond a reasonable doubt the propensity evidence did not contribute to the findings of guilty for the Article 120, UCMJ, charges and specifications or appellant's sentence. Thus the findings related to this error, as well as the sentence, cannot stand.

While we respect and apply the guidance from our superior court in *Hukill*, we also must admit some uncertainty for we do not understand how the law has changed or how the military judge misapplied the law. Dep't of Army, Pam. 27-9, Legal

Services: Military Judges' Benchbook [hereinafter Benchbook] para. 7-13-1 (10 Sep. 2014) specifically states and instructs that a fact finder "cannot use this [propensity] evidence to overcome a failure of proof in the government's case, if you perceive any to exist. The accused may be convicted of an alleged offense only if the prosecution has proven each element beyond a reasonable doubt."

## CONCLUSION

The findings of guilty as to Specifications 1 and 2 of Charge I and Charge I and Specifications 1, 2, and 3 of Additional Charge II and Additional Charge II are set aside. The remaining findings of guilty are AFFIRMED. The sentence is set aside. A rehearing may be ordered by the same or a different convening authority.

Judge PENLAND concurs.

Judge HERRING, dissenting:

As discussed in the majority opinion, the law at the time prohibited a fact finder from using propensity evidence on the issue of guilt. I have no doubt the military judge followed the law in this case and am convinced beyond a reasonable doubt that propensity evidence did not contribute to the findings of guilty. Accordingly, I would affirm the findings of guilty.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court