# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JAMES E. HOPKINS**
**United States Army, Appellant**

ARMY 20140913

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill (trial)
Headquarters, U.S. Army Combined Armed Center and
Fort Leavenworth (*DuBay* hearing)
Jeffery R. Nance, Military Judge (arraignment)
Charles L. Pritchard, Jr., Military Judge (trial)
J. Harper Cook, Military Judge (*DuBay* hearing)
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Captain Heather L. Tregle, JA; Captain Joshua G. Grubaugh, JA (on brief); Captain Katherine L. DePaul, JA; Mr. William E. Cassara, Esquire (on supplemental brief and supplemental reply brief).

For Appellee:  Major Daniel D. Derner, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue (on supplemental brief).

26 June 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of rape of a child, indecent act, sexual assault of a child, sexual abuse of a child (two specifications), wrongfully providing alcohol to a minor, and obstruction of justice in violation of Articles 120, 120b, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 920b, 934 (2006 & Supp. II 2009, 2012) [hereinafter UCMJ].  The military judge found appellant not guilty, in accordance with his pleas, of one specification each of producing and possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2012).  The military judge sentenced appellant to a dishonorable discharge, confinement for

forty-two years, and reduction to the grade of E-1.  The convening authority approved only forty-one years and ten months confinement, but otherwise approved the findings and sentence as adjudged.

Appellant submitted his case on the merits on 18 November 2015.  In that pleading, appellant personally asserted matters in accordance with *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), with supporting appellate exhibits.  On 25 November 2015, appellant filed a motion to amend his *Grostefon* matters and asked this court to disregard the original filing and substitute the amended pleading.  This court granted that motion on 30 November 2015.  On 2 February 2016, we summarily affirmed the findings and sentence of appellant's court-martial.

Appellant petitioned the Court of Appeals for the Armed Forces (CAAF) on 30 March 2016 and submitted matters pursuant to *Grostefon*.  On 5 May 2016, the CAAF granted review on a matter personally raised by appellant:  "Whether appellant was denied effective assistance at trial."  *United States v. Hopkins*, 75 M.J. 338 (C.A.A.F. 2016) (order).  The CAAF set aside our prior decision and ordered this court to obtain affidavits from appellant's civilian and military defense counsel, Mr. PM, Esquire, and Captain (CPT) JK, to respond to appellant's allegation of ineffective assistance of counsel. *Id.*  The CAAF directed this court to examine appellant's claim of ineffective assistance of counsel in light of these affidavits and any other relevant matters and, if necessary, order a fact-finding hearing pursuant to *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967) [hereinafter *DuBay* hearing].  On 7 July 2016, this court returned the case to The Judge Advocate General for such action as required to conduct a limited hearing pursuant to *DuBay*.

On 20 and 23 September and 6 October 2016, a military judge held an extensive *DuBay* hearing.  On 16 November 2016, the military judge entered his written findings.  Appellant's case is now before this court pursuant to Article 66, UCMJ.

Although our superior court limited its remand to issues of ineffective assistance of counsel, the intervening publication of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), compels us to discuss the use of propensity evidence under Military Rules of Evidence [hereinafter Mil. R. Evid.] 413 and 414 in appellant's case.  After discussing both assigned errors, we conclude neither merits relief.  We have also considered matters presented by appellant, newly on remand, pursuant to *United States v. Grostefon*; they merit neither discussion nor relief.

## THE *DUBAY* HEARING

The *DuBay* military judge entered detailed findings of fact after hearing evidence from multiple witnesses in regard to appellant's multiple claims of ineffective assistance of counsel.  "To prevail on an ineffective assistance claim,

appellant bears the burden of proving . . . the performance of defense counsel was deficient and . . . he was prejudiced by the error." *United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Put another way, appellant must show "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the counsel's deficient performance gives rise to a 'reasonable probability' . . . the result of the proceeding would have been different without counsel's unprofessional errors." *United States v. Akbar*, 74 M.J. 364, 371 (C.A.A.F. 2015) (quoting *Strickland*, 466 U.S. at 688).

We focus our discussion on three different areas of alleged deficient performance.

### A. *Preparation of Appellant's Testimony*

Appellant claims he was woefully unprepared for his testimony on the merits and in his unsworn statement during presentencing. The *DuBay* military judge went into exacting detail as to the preparations by Mr. PM and CPT JK, as well as additional people brought onto the case by Mr. PM and CPT JK. The military judge found appellant's participation in his defense was "frequent" and "active." We will not disturb a military judge's findings of fact unless they are clearly erroneous. *United States v. Henning*, 75 M.J. 187 (C.A.A.F. 2016). Although, according to appellant, he may have felt unprepared to testify, it was not for want of preparation. Appellant admitted at the *DuBay* hearing he made the ultimate decision to testify on the merits.

### B. *Appellant's Wrist Injury and Medical Treatment*

Appellant also claims his defense team failed to adequately investigate and introduce evidence of limited mobility of his wrist, which allegedly would have been favorable to the defense. The *DuBay* military judge entered detailed findings of fact after hearing testimony from Dr. JO, the defense's expert consultant at trial. Appellant provided Dr. JO with a full copy of his medical records less than twenty-four hours prior to the start of the trial. We agree with the military judge, even assuming the medical records could have been favorable to the defense had they been introduced, such favorable evidence also carried the risk the government would highlight evidence contained in those records. For example, in rebutting appellant's claim of limited mobility, the records showed: appellant was not wearing the splint and appellant had the ability to do push-ups and drive, which is obviously favorable to the prosecution.

### C. *Appellant's "Alibi" Witnesses*

According to the military judge, appellant "gave, and regularly updated, a list of witnesses to his defense team." Although appellant labeled some witnesses as "alibi" witnesses, the defense team investigated and determined "<u>none</u> of these

'alibi' witnesses were true alibi witnesses." Three possible witnesses were not contacted by the defense team, although the contact information provided by appellant for one witnesses was limited to "on Facebook." The military judge analyzed the possible impact these witnesses would have had at trial, and he concluded their testimony would have been minimally helpful and cumulative with other witnesses. *See United States v. Brownfield*, 52 M.J. 40, 44 (C.A.A.F. 1999).

The *DuBay* judge also analyzed the witnesses contacted by defense prior to trial, but either the trial judge denied their production or the defense did not call them as a witness at trial. Some of these witnesses even travelled to Fort Sill for the trial, but were not called by the defense. Each of these witnesses not called could not establish a true alibi defense, would have presented cumulative character evidence, or could have elicited evidence unfavorable to the defense. "A trial defense counsel's decision on whether to call a witness is a tactical decision." *Akbar*, 74 M.J. at 390 (citing *United States v. Anderson*, 55 M.J. 198, 202 (C.A.A.F. 2001)); *see also Wiggins v. Smith*, 539 U.S. 510, 533-34 (2003).

We point out, with some hesitation, an instance where civilian defense counsel browsed a "golf-related" website on his computer during the government's closing argument. Although we find counsel's conduct did not prejudice appellant, we note the benefits of easily assessable notes and research on electronic devices in the courtroom also come with the potential for distraction.

We agree with the military judge on his findings of fact in the *DuBay* hearing and his legal analysis on the effect, or lack thereof, on appellant's trial. *See Brownfield*, 52 M.J. at 44. We conclude on the totality of the circumstances appellant's trial defense team were not deficient in their representation of appellant, and appellant suffered no prejudice by their performance.

### *UNITED STATES V. HILLS* AND PROPENSITY

After our superior court remanded the case to this court on issues of ineffective assistance of counsel, the CAAF issued the landmark case of *United States v. Hills*. We granted appellant's request to brief this court on the issue of improper use of propensity evidence in appellant's trial. At trial, the military judge granted the government's motion to use *uncharged and charged* misconduct as propensity evidence, and the uncharged misconduct ruling was, and remains, uncontested by the parties. The defense counsel at trial preserved the issue as to charged misconduct. As to the *charged* misconduct, we find the military judge erred when he granted the government's motion to argue evidence of the charged offenses was propensity evidence to prove other charged offenses; however, we find such an error was harmless beyond a reasonable doubt in appellant's case.

4

First, appellant elected to be tried by a military judge alone. In *Hills* the trial was by members, and the CAAF noted the particular danger created by the propensity instruction given to the panel. *Id.* at 355. In *United States v. Hukill*, the CAAF confirmed the error in *Hills* can also happen "regardless of the forum, the number of victims, or whether the events are connected." 76 M.J. __, 2017 CAAF LEXIS 305, at *6 (C.A.A.F. 2017).

Here, the government introduced evidence of *uncharged* misconduct of appellant taking photos of ZJEH while she was asleep and moving her clothing to expose and touch her breasts and genitals, and the military judge allowed the admission and use of this evidence "with respect to Specification 1 of Charge I and Specifications 1 and 2 of Charge II; and that's what [the government] is limited to there, not the other specifications I did not name." Such a ruling regarding *uncharged* misconduct is permitted under Mil. R. Evid. 414 and outside the scope of *Hills* and *Hukill*, yet we discuss it because it informs our analysis into the *Hills* and *Hukill* error we find harmless beyond a reasonable doubt.

The military judge acknowledged the state of the law prior to *Hills* and *Hukill*: "This court could find by a preponderance of the evidence, after weighing the credibility of witnesses, bias, and motive to fabricate, that the acts alleged in these other specifications occurred." Yet the military judge seemed to forecast the concerns of *Hills* and *Hukill* when he acknowledged, "[e]ach of the victims provided direct evidence with respect to each of the specifications. The court notes that the evidence offered as proof of each of the specifications was independently admissible as to the specification which it was offered." Earlier when ruling on the uncharged misconduct and Mil. R. Evid. 414 use, the military judge made clear, "[t]he elicitation of the evidence took some time but will not distract the fact finder or otherwise cause the fact finder to decide the case on something other than the lawfully introduced evidence."

The military judge gave a detailed ruling as to which specifications the government could argue propensity. Notably, he did not allow the government to argue Specification 1 of Charge I (rape of a child, ZJEH) as propensity to commit any other offense. Nor could the government argue any other offense as propensity to Specification 1 of Charge I. With this specification left untainted by a *Hills* or *Hukill* error, the military judge found appellant guilty beyond a reasonable doubt of digitally penetrating ZJEH. Put another way, the military judge found ZJEH credible and convicted appellant of this offense based on ZJEH's testimony.

Having found ZJEH credible in her testimony regarding Specification 1 of Charge I, which occurred in 2008-2009, the military judge presumably found her credible in her description of more recent events that formed the basis of convictions of Specifications 1 and 2 of Charge II, which the military judge found to have occurred between 1 December 2012 and 1 January 2013.

The military judge at trial identified the evidence of charged offenses was *admissible* subject to other rules of evidence, and "the only question [in appellant's case] is whether the government can *argue* each specification as proof of the other." (emphasis added). However, the military judge erred when he granted the government's motion to argue as such. *See Hills*, 75 M.J. at 353. ("[I]t seems obvious that it is impermissible to *utilize* [Mil. R. Evid.] 413 to show that charged conduct demonstrates an accused's propensity to commit . . . the charged conduct.") (emphasis added). Yet despite the pretrial motions by the government, trial counsel did not argue propensity in closing or rebuttal arguments. In fact, the closest the government came to a propensity argument was when trial counsel characterized appellant's conduct with numerous minors as a "pattern of leveraging," referring to the government's theory of the case that appellant's conduct of getting personal information from young girls would then lead to him 'leveraging' that information into requesting sexual favors. We hold such an argument does not violate *Hills* and *Hukill*, and is likely permissible under Mil. R. Evid. 404(b).

Without an argument that violates *Hills* and *Hukill*, we are left with a trial where evidence was otherwise properly admitted under rules of evidence other than Mil. R. Evid. 413 and 414 (save the properly admitted uncharged misconduct evidence). Within the above framework, we address each affected specification in detail to see whether "there was no reasonable probability that the error contributed to [appellant's] verdict." *Hukill*, 76 M.J. __ at *6.

As to Specifications 1 and 2 of Charge II, we previously discussed how the military judge found ZJEH a credible witness and convicted appellant of raping her in 2008 or 2009 (Specification 1 of Charge I) based on her testimony. With that credibility determination in mind, the proper propensity evidence of the uncharged misconduct, and testimony of appellant's ex-wife, who testified she saw the uncharged photographs depicting appellant digitally penetrating ZJEH, we hold any error by the military judge as to Specifications 1 and 2 of Charge II was harmless beyond a reasonable doubt.

With regard to Specifications 2 and 3 of Charge I, the government charged appellant with digitally penetrating CBV and "viewing and digitally recording" CBV in the bathroom after showering. As for Specification 2 of Charge I (the digital penetration), the military judge had ample evidence to convict appellant absent any improper usage of propensity. The military judge heard CBV's compelling testimony of the incident and the uncharged evidence of propensity under Mil. R. Evid. 414. For the indecent act (Specification 3 of Charge 1), the government introduced the video into evidence, CBV recognized her naked body, multiple witnesses described appellant's unique tattoo visible at the beginning of the video while setting up the recording device, and appellant's admission to making the videos (although according to appellant they were to ensure the girls were not inflicting self-harm). We find no reasonable probability that any error contributed

to appellant's conviction of Specifications 2 and 3 of Charge I.  *See Hukill*, 76 M.J. __ at *6.

The only remaining specification subject to *Hills* and *Hukill* analysis is the sexual abuse of the child JA—Specification 3 of Charge II.  Here, just as in Specification 2 of Charge I, the military judge heard the credible testimony of the complaining witness (in this specification, JA) and the properly admitted uncharged misconduct under Mil. R. Evid. 414 as propensity evidence.

For those reasons, we hold the erroneous ruling by the military judge as to propensity evidence involving charged misconduct was harmless beyond a reasonable doubt.

## CONCLUSION

Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court