# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

**UNITED STATES**
Appellee

**v.**

**Christopher B. HUKILL, Specialist**
United States Army, Appellant

**No. 17-0003**
Crim. App. No. 20140939

Argued February 28, 2017—Decided May 2, 2017

Military Judge: Steven E. Walburn

For Appellant: *Captain Katherine L. DePaul* (argued), *Lieutenant Colonel Melissa R. Covolesky* and *Captain Ryan T. Yoder* (on brief); *Lieutenant Colonel Christopher D. Carrier* and *Major Andres Vazquez Jr.*

For Appellee: *Major Anne C. Hsieh* (argued); *Colonel Mark H. Sydenham* and *Lieutenant Colonel A. G. Courie III* (on brief); *Major Michael E. Korte.*

Chief Judge ERDMANN delivered the opinion of the Court, in which Judges STUCKY, RYAN, OHLSON, and SPARKS, joined.

———————————

Chief Judge ERDMANN delivered the opinion of the court.

Contrary to his pleas, a military judge sitting as a general court-martial convicted Specialist Christopher B. Hukill of rape and abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012). Hukill was sentenced to a dishonorable discharge, seven years of confinement, forfeiture of all pay and allowances, and a reduction to E-1. The convening authority approved the sentence as adjudged. The United States Army Court of Criminal Appeals denied Hukill's initial appeal which was based on a claim of ineffective assistance of counsel. *United States v. Hukill*, No. ARMY 20140939, 2016 CCA LEXIS 492, at *8-9, 2016 WL 4255126, at *3 (A. Ct. Crim. App. Aug. 9, 2016) (unpublished). The lower court granted

reconsideration to entertain Hukill's claim brought under *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), and again denied relief and affirmed the findings and the sentence. *United States v. Hukill*, No. ARMY 20140939, 2016 CCA LEXIS 505, at *5, 2016 WL 4439888, at *2 (A. Ct. Crim. App. Aug. 16, 2016) (unpublished).

In *Hills*, a members' trial, we held that under Military Rules of Evidence (M.R.E.) 413, the use of charged misconduct to establish an accused's propensity to commit other charged misconduct in the same case constituted error. 75 M.J. at 352. We granted review in this case to determine whether the rationale of *Hills* is applicable to a military judge-alone trial and, if so, whether Hukill was prejudiced by the admission of this propensity evidence.[1] We hold the rationale of *Hills* is equally applicable to both members and military judge-alone trials and that, under the circumstances of this case, Hukill was prejudiced by the admission of the propensity evidence. We therefore reverse the decision of the Army Court of Criminal Appeals.

## BACKGROUND

This case arises from Hukill's sexual assaults of AB and

---

[1] We granted review of the following issues:

I. Whether, in a court-martial tried by military judge alone, the military judge abused his discretion by granting the Government's motion to use the charged sexual misconduct for Military Rule of Evidence 413 purposes to prove propensity to commit the charged sexual misconduct.

II. Whether Judge Paulette V. Burton and Judge Larss G. Celtnieks, judges on the Court of Military Commission Review, were statutorily authorized to sit on the Army Court of Criminal Appeals, and even if they were statutorily authorized to be assigned to the Army Court of Criminal Appeals, whether their service on both courts violated the Appointments Clause given their newly attained status as a superior officer.

Issue II was not argued as it was held as a trailer issue to *United States v. Ortiz*, 76 M.J. __ (C.A.A.F. 2017). Based upon the decision in *Ortiz*, we hold that the military judges in question were authorized to sit on the Army Court of Criminal Appeals, and there was no Appointments Clause violation.

HG, both friends of Hukill's then-fiancée. Specification 1 (rape), alleged that Hukill digitally penetrated the vagina of AB against her will in the kitchen of his home. A week or two after that incident, AB told Hukill's fiancée about the alleged assault. Hukill's fiancée testified that when she confronted him about the assault, he "pretty much told [them] that he did it." Specification 2 (abusive sexual contact) arose from Hukill's alleged assault of HG about two weeks after the incident involving AB. Hukill was charged with touching the genitalia of HG against her will after a night of drinking. Hukill testified at his court-martial that neither of the assaults occurred.

In a pretrial motion, the government sought to introduce evidence of each sexual misconduct charge under M.R.E. 413 to demonstrate Hukill's propensity to commit the other sexual misconduct. Trial defense counsel opposed the motion and objected to the use of the M.R.E. 413 and spillover instructions contained in the Army Military Judges' Benchbook. Over defense objection, the military judge granted the government's motion, allowing the government "to use the charged sexual offenses as propensity evidence for each other under M.R.E. 413." In conducting his M.R.E. 403 analysis, the military judge found the "probative weight of the [propensity] evidence is high, demonstrating the accused's propensity to sexually assault two females that he knew prior to the alleged sexual assaults." Additionally, the military judge stated that:

> [t]he Court will give an appropriately tailored limiting instruction to the members that they may properly consider this evidence under MRE 413 for its bearing on the accused's propensity to commit the charged sexual assaults. The instruction will highlight that the introduction of such evidence does not relieve the government of its burden of proving every element of every offense charged, and that the fact-finder may not convict the accused of the charged offenses on the basis of the evidence admitted under MRE 413 alone. This instruction will be in addition to the standard "Spillover Instruction."

The referenced instruction was not given as Hukill was ultimately tried by military judge alone, but it does reflect the military judge's understanding of the law at the time.

During the court-martial, trial counsel argued that each of the sexual assault incidents established Hukill's propensity to commit the other assault. During his opening statement trial counsel argued, "[W]ithin a month, there are two allegations of sexual assault by two unrelated victims . . . two allegations of sexual assault; two distinct reports but with strikingly similar details; details that reveal a similar scheme, a similar method of attack." During his closing argument, trial counsel again argued, "Your Honor, the accused has committed two incidents of sexual assault, two very similar incidents. They are strong in their own right, but they're even stronger together when you consider M.R.E. 413."

On appeal, the Army Court of Criminal Appeals recognized that the military judge had initially "ruled that the government could use propensity evidence in a manner found to be in error in *Hills*." *Hukill*, 2016 CCA LEXIS 505, at *4-5, 2016 WL 4439888, at *2. However, the lower court went on to hold that the erroneous ruling "became moot by virtue of appellant's election for a bench trial." *Id.*, 2016 WL 4439888, at *2. Relying on the well-established rule that " '[m]ilitary judges are presumed to know the law and to follow it absent clear evidence to the contrary' " the lower court was "satisfied that [the military judge's] view on the admissibility of propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt." *Id.* at *5, 2016 WL 4439888, at *2 (quoting *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007)). Accordingly, the lower court held that this case was "far different than *Hills* as appellant elected to be tried by a military judge sitting alone," and affirmed the findings and sentence.[2] *Id.* at *4-5, 2016 WL 4439888, at *2.

## DISCUSSION

A military judge's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). "The meaning and scope of M.R.E. 413 is a question of law that is reviewed de novo." *Hills*, 75 M.J. at 354 (citation omitted). Additionally, an error where

---

[2] While it is difficult to determine whether the Army Court of Criminal Appeals held that the use of charged conduct under M.R.E. 413 in a military judge-alone trial is not error, or whether it was error but harmless, under either theory the conviction would have been affirmed.

" 'constitutional dimensions are at play,' " *id.* at 357 (quoting *United States v. Wolford,* 62 M.J. 418, 420 (C.A.A.F. 2006)), is not harmless beyond a reasonable doubt when " 'there is a reasonable possibility that the [error] complained of might have contributed to the conviction.' " *Id.* at 357-58 (alteration in original) (quoting *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007)).

Hukill argues that the *Hills* decision is as applicable to military judge-alone trials as it is to members' trials. He contends that even if the military judge knew and applied the law, the Military Judges' Benchbook instructions available at the time incorrectly stated that charged misconduct could be used as propensity evidence of other charged misconduct. Therefore, Hukill concludes that the military judge erred and the error was not harmless beyond a reasonable doubt.

The government appears to argue that *Hills* was wrongly decided, but also asks us to clarify that the decision is not a per se prohibition on the use of charged misconduct as M.R.E. 413 evidence. The government argues that using charged misconduct as M.R.E. 413 evidence of other charged misconduct does not erode the presumption of innocence, as the safeguards built into M.R.E. 413 ensure each element is proven beyond a reasonable doubt. The government concludes by asserting that the instructional errors in *Hills* are not implicated in a military judge-alone trial and there is no evidence the military judge did not know or follow the law in this case.

In analyzing the use of charged conduct as propensity evidence under M.R.E. 413, we held in *Hills* that "[c]harged misconduct is already admissible at trial under M.R.E. 401 and 402, and it is not subject to exclusion under M.R.E. 404(b). Thus, as a matter of logic, it does not fall under M.R.E. 413, which serves as an exception to M.R.E. 404(b)." *Hills*, 75 M.J. at 355. We also reasoned that the structure of the rule, including the notice provision under M.R.E. 413(b), "logically implies that only evidence of uncharged offenses (of which the accused would not otherwise be aware absent disclosure) are contemplated by the rule." *Id.* Finally, we noted that the legislative history of M.R.E. 413's federal counterpart, Fed. R. Evid. 413, suggests that the rule was not designed to apply to charged conduct. *Id.* None of these grounds are dependent on whether the trial was a members' trial or military judge-alone.

We therefore clarify that under *Hills*, the use of evidence of charged conduct as M.R.E. 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected. Whether considered by members or a military judge, evidence of a charged and contested offense, of which an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense.

Having found error we now turn to a prejudice analysis. In *Hills* we found constitutional implications arose from confusing instructions given to members as to the two different standards of proof that they were required to apply to the same evidence. 75 M.J. at 357-58. We also held that "the error . . . violated Appellant's presumption of innocence and right to have all findings made clearly beyond a reasonable doubt, resulting in constitutional error." *Id.* at 356. The same constitutional concerns exist if, in a military judge-alone trial, a military judge uses charged conduct as propensity evidence under M.R.E. 413. As there are constitutional dimensions at play, the erroneous admittance of evidence must be tested for prejudice under the harmless beyond a reasonable doubt standard. *See Chapman v. California*, 386 U.S. 18, 22-24 (1967). The government must prove there was no reasonable possibility that the error contributed to Hukill's verdict. *See id.*; *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005).

The government argues that the error was harmless beyond a reasonable doubt due to the presumption that military judges are presumed to know the law and follow it absent clear evidence to the contrary. *See United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). However, in this case, this presumption is not helpful to the government. This case was tried before our court issued *Hills*, and at that time, the common understanding of the law was that charged misconduct could be used as propensity evidence under M.R.E. 413.

This is clearly evidenced by the Army Military Judges' Benchbook discussion of M.R.E. 413: "In order to admit evidence of other sexual offenses or acts of child molestation *(whether charged or uncharged),* the military judge must make" the threshold findings required by M.R.E. 413. *See* Dep't of the Army, Pam. 27-9, Legal Services, Military Judges' Benchbook, ch.7, para. 7-13-1 n. 3.2 (Sept. 10, 2014) (emphasis added). The Benchbook further directed military

judges to give a specific instruction on the government's burden "[f]or *charged* sexual offenses admitted under MRE 413/414." *Id.* Accordingly, the Benchbook stated:

> When the military judge has admitted evidence relating to *one charged sexual offense or child molestation offense as relevant to another charged sexual offense* or child molestation offense under MRE 413/414, the [instruction on the government's burden] may be used, in conjunction with [the M.R.E. 413/414 spillover instructions], as applicable.

*Id.* at n. 4.2 (emphasis added).

The military judge cannot be faulted for applying the accepted law at the time, however, after *Hills*, that interpretation of the law was no longer correct. The presumption that the military judge knows and follows the law is only as valid as the law itself. The Army Court of Criminal Appeals' conclusion and the government's argument before this court that the error was harmless due to this presumption is not a prejudice argument. The presumption is that military judges will correctly follow the law, which would normally result in no legal error, not that an acknowledged error is harmless. The presumption cannot somehow rectify the error or render it harmless.

Assessing the prejudice of this error, we recognize that the military judge, when conducting his M.R.E. 403 analysis, found that the "probative weight of the evidence is high, demonstrating the accused's propensity to sexually assault two females that he knew prior to the alleged sexual assaults." Additionally, the government's case was based entirely on the testimony of the victims and the alleged confession from Hukill to his fiancée that he had been unfaithful, all of which Hukill denied. No other evidence was offered. On this record, we find that the Government failed to prove there was no reasonable possibility that the error contributed to the verdict. *See Moran*, 65 M.J. at 187. We therefore reverse the decision of the lower court.

## DECISION

The decision of the United States Army Court of Criminal Appeals is reversed. The findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing is authorized.