# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**Misc. Dkt. No. 2017-05**

———————————

**James R. LEWIS**
Senior Airman (E-4), U.S. Air Force, *Petitioner*

**v.**

**UNITED STATES**
*Respondent*

———————————

Review of Petition for Extraordinary Relief in the Nature of
a Writ of Coram Nobis

Decided 20 September 2017

———————————

*Military Judge:* Donald R. Eller, Jr.

*Approved sentence:* Dishonorable discharge, confinement for 9 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 13 December 2012 by GCM convened at Barksdale Air Force Base, Louisiana.

*For Petitioner:* Lieutenant Colonel Nicholas W. McCue, USAF; Major Thomas A. Smith, USAF; Brian L. Mizer, Esquire.

*For Respondent:* Colonel Katherine E. Oler, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge MINK joined.

———————————

**PUBLISHED OPINION OF THE COURT**

———————————

JOHNSON, Senior Judge:

A general court-martial composed of officer members convicted Petitioner, contrary to his pleas, of one specification of aggravated sexual assault and two

specifications of wrongful sexual contact, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] The court-martial sentenced Petitioner to a dishonorable discharge, confinement for nine years, total forfeiture of pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. This court affirmed the findings and sentence, and the United States Court of Appeals for the Armed Forces (CAAF) denied review. *United States v. Lewis*, No. ACM 38321, 2014 CCA LEXIS 760 (A.F. Ct. Crim. App. 9 Oct. 2014) (unpub. op.), *rev. den.*, 74 M.J. 263 (C.A.A.F. 2015).

Petitioner has submitted a Petition for Extraordinary Writ in the Nature of a Writ of Coram Nobis, seeking a rehearing or, in the alternative, a new review of his convictions under Article 66, UCMJ, 10 U.S.C. § 866. Petitioner contends the CAAF's recent decisions in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), demonstrate the military judge erroneously permitted evidence of the charged offenses to be used as propensity evidence pursuant to Military Rule of Evidence (Mil. R. Evid.) 413, and erroneously instructed the court members accordingly, thereby violating Petitioner's presumption of innocence and committing a constitutional error. *See Hills*, 75 M.J. at 356. We find Petitioner is not entitled to the requested writ and deny his petition.

## I. BACKGROUND

Petitioner was charged with two specifications of aggravated sexual assault and two specifications of wrongful sexual contact involving four different victims, as well as one specification of indecent acts involving one of the victims. Petitioner pleaded not guilty to all the alleged offenses and was tried by a panel of officer members. The military judge found the evidence of each of the charged sexual assaults was "admissible as to one another under [Mil. R. Evid.] 413." Accordingly, he instructed the court members, *inter alia*:

> Evidence that the Accused committed the offenses of sexual assault alleged in Specifications one through four of the Charge may be considered by you with regard to one another for an additional basis with regard to one another under certain circumstances. First, those offenses may have no bearing on your deliberations in relation to one another unless you first determine by a preponderance of the evidence, that is more likely than not, any of those alleged offenses of sexual assault occurred.

---

[1] Petitioner was acquitted of one specification of aggravated sexual assault and one specification of indecent conduct in violation of Article 120, UCMJ.

> If you determine by a preponderance of the evidence any of those alleged offenses occurred, even if you are not convinced beyond a reasonable doubt that the Accused is guilty of that offense, you may nonetheless then consider the evidence of that offense for its bearing on any matter to which it is relevant in relation to the remainder of those offenses of sexual assault; that is Specifications one through four of the Charge.

> You may also consider the evidence of those other offenses for its tendency, if any, to show the Accused's propensity or predisposition to engage in acts of sexual assault. You may not, however, convict the Accused of any offense solely because you believe he committed some other offense or solely because you believe the Accused has a propensity or predisposition to engage in acts of sexual assault.

In closing argument, trial counsel argued Petitioner did, in fact, have a propensity to engage in sexual assault. The members found Petitioner guilty of one aggravated sexual assault and both wrongful sexual contact specifications, and not guilty of the remaining specifications. His trial concluded on 13 December 2012. This court affirmed the findings and sentence on 9 October 2014, *Lewis*, unpub. op. at \*25, and the CAAF denied review on 10 February 2015, *Lewis*, 74 M.J. 263.

On 27 June 2016, the CAAF decided *Hills*. The CAAF held that evidence of the accused's commission of a sexual assault may not be admitted and considered on "any matter to which it is relevant," including propensity to commit sexual assault, pursuant to Mil. R. Evid. 413 if that alleged sexual assault is charged in the same court-martial and the accused has pleaded not guilty to it. *Hills*, 75 M.J. at 356. The CAAF further held that under such circumstances the instructions accompanying the use of evidence of charged offenses for Mil. R. Evid. 413 purposes, such as the instructions given at Petitioner's trial, implicate fundamental constitutional due process concerns by undermining an accused's presumption of innocence and the Government's requirement to prove guilt beyond a reasonable doubt. *Id.* at 357.

On 2 May 2017, the CAAF issued *Hukill*, which clarified that *Hills* is not to be interpreted narrowly. The court stated:

> [T]he use of evidence of charged conduct as M.R.E. 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected. Whether considered by members or a military judge, evidence of a charged and contested offense, of which

an accused is presumed innocent, cannot be used as propensity evidence in support of a companion charged offense.

*Hukill*, 76 M.J. at 222.

## II. DISCUSSION

### A. Jurisdiction

"The All Writs Act, 28 U.S.C. § 1651(a), grants this court authority to issue extraordinary writs necessary or appropriate in aid of its jurisdiction." *United States v. Chapman*, 75 M.J. 598, 600 (A.F. Ct. Crim. App. 2016) (citing *Loving v. United States*, 62 M.J. 235, 246 (C.A.A.F. 2005)). "However, the Act does not enlarge our jurisdiction, and the writ must be in aid of our existing statutory jurisdiction." *Id.* (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999)). We have jurisdiction over a petition for a writ of coram nobis alleging an earlier judgment of conviction previously reviewed by this court was flawed in some fundamental respect. *Id.* at 601 (citing *United States v. Denedo*, 556 U.S. 904, 917 (2009)). Accordingly, we have jurisdiction to consider Petitioner's allegation that his convictions should be set aside or reconsidered under Article 66, UCMJ, in light of the constitutional concerns identified in *Hills* and *Hukill*.

### B. Analysis

The petitioner for a writ of coram nobis has the burden to show a clear and indisputable right to the extraordinary relief requested. *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded*, 556 U.S. 904 (2009) (citing *Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004)). "This court uses a two-tier approach to evaluate claims raised via a writ of coram nobis. First, the petitioner must meet the [six] threshold requirements for a writ of coram nobis. [ ] If the petitioner meets the threshold requirements, his claims are then evaluated under the standards applicable to his issues." *Chapman*, 75 M.J. at 601 (citing *Denedo*, 66 M.J. at 126). As the Government identifies in its excellent brief, Petitioner's claim fails on both levels.

#### 1. Threshold Requirements for Writ of Coram Nobis

The writ of coram nobis is "an extraordinary remedy" that "should be granted only in extraordinary cases under circumstances compelling such action to achieve justice." *Id.* (citations omitted). Accordingly, the petitioner must meet six "stringent threshold requirements":

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could

not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Denedo*, 66 M.J. at 126 (citations omitted).

In *Chapman*, this court considered whether it might grant relief via a writ of coram nobis to a pro se petitioner who filed a petition for a writ of habeas corpus. 75 M.J. at 601; *see Nkosi v. Lowe*, 38 M.J. 552, 553 (A.F.C.M.R. 1993) ("The label placed on a petition for extraordinary relief is of little significance.").[2] There we found the petitioner failed to meet the second threshold requirement because coram nobis was not the only remedy available; he could seek relief through a writ of habeas corpus from a federal district court. *Chapman*, 75 M.J. at 601 (citing *Denedo*, 556 U.S. at 911). In addition, Chapman failed to meet the sixth requirement because he remained in confinement and had not served his sentence. *Id.* at 602.

Here, Petitioner's request for a writ of coram nobis must fail for similar reasons. Like Chapman, Petitioner remains in confinement; therefore, coram nobis is not the sole remedy available to him because he is eligible to seek a writ of habeas corpus from a federal district court.[3] Similarly, Petitioner has failed to demonstrate his sentence to nine years of confinement has been served. Accordingly, even if we were to assume *arguendo* Petitioner meets the remaining requirements, under *Chapman* no writ should issue on his petition.

Petitioner insists *Chapman* is inapplicable as precedent for his case because Chapman filed for a writ of habeas corpus, and our consideration of his eligibility for coram nobis relief was "gratuitous." We are not persuaded. This court clearly and explicitly considered Chapman's petition under the threshold requirements for coram nobis relief, and the import of our reasoning and holding in *Chapman* to Petitioner's case is plain.

---

[2] Our conclusion that we lacked jurisdiction to issue a writ of habeas corpus in *Chapman* because the case had become final under Article 76, UCMJ, 10 U.S.C. § 876, applies equally in Petitioner's case. *See Chapman*, 75 M.J. at 600.

[3] In *United States v. Loving*, 62 M.J. 235, 254 (C.A.A.F. 2005), the CAAF declined to decide whether coram nobis relief was available to a military petitioner who remained in custody. However, the court noted broad agreement among the federal circuit courts that coram nobis relief was unavailable from the federal civilian courts to petitioners in custody, regardless of "whether or not habeas relief is a realistic possibility." *Id.* (citations omitted).

**2. Retroactive Application of *Hills***

Even if Petitioner met the threshold requirements for coram nobis relief, his petition would fail on the issue of retroactive application of *Hills*. The parties agree that whether *Hills* would apply retroactively to Petitioner's case is governed by *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion). *Teague*, the seminal case on retroactive application of court-created new rules of criminal law, held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced" unless they fall within an exception. *Id.* at 310. The Court subsequently expounded a three-step process to determine whether a constitutional rule of criminal procedure applies to a case on collateral review: (1) the court must determine when the conviction became final; (2) the court must survey the legal landscape as of that date and decide whether existing precedent compelled the rule—in other words, whether the rule is actually "new" for purposes of the petitioner's case; and (3) the court must determine whether either of the two exceptions to the general rule of non-retroactivity applies. *Beard v. Banks*, 542 U.S. 406, 411 (2004).

"[A] military justice case is final for purposes of *Teague* when 'there is a final judgment as to the legality of the proceedings' under Article 71(c), UCMJ." *Loving*, 64 M.J. at 136. The final judgment as to the legality of Petitioner's court-martial occurred when the CAAF denied review on 10 February 2015. *See* 10 U.S.C. § 871(c).

Considering the state of the law at that time, we find that *Hills* did announce a "new rule" for purposes of *Teague*. In *Teague*, the Court stated:

> In general . . . a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. . . . To put it differently, a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.

489 U.S. at 301 (citations omitted) (emphasis in original). "[A] holding is not so dictated . . . unless it would have been 'apparent to all reasonable jurists.'" *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (citation omitted).

*Hills* was not decided until 27 June 2016. However, the CAAF had previously rejected a facial constitutional challenge to Mil. R. Evid. 413 in *United States v. Wright*, 53 M.J. 476, 483 (C.A.A.F. 2000) and suggested in dicta that Mil. R. Evid. 413 could be applied to evidence of charged as well as uncharged offenses of sexual assault to show propensity. *See United States v. Burton*, 67 M.J. 150, 152 (C.A.A.F. 2009) ("The Government may not introduce similarities between a charged offense and prior conduct, whether charged or uncharged, to show . . . propensity without using a specific exception within our

rules of evidence, such as [Mil. R. Evid.] 404 or 413."). In addition, the version of the *Military Judges' Benchbook* in use at the time the judgment in Petitioner's case became final included a specific model instruction regarding the use of a charged instance of sexual assault as propensity evidence under Mil. R. Evid. 413. *Military Judges' Benchbook*, Dept. of the Army Pamphlet 27–9, ¶ 7–13–1, Note 4.2 (10 Sep. 2014). Moreover, in the same year that Petitioner's case became final, three Courts of Criminal Appeals specifically held that evidence of charged offenses of sexual assault could properly be used under Mil. R. Evid. 413, only to be overruled by *Hills* the following year. *United States v. Barnes*, 74 M.J. 692, 697–98 (A. Ct. Crim. App. 2015), *rev. den.*, 75 M.J. 27 (C.A.A.F. 2015); *United States v. Bass*, 74 M.J. 806, 815 (N–M. Ct. Crim. App. 2015); *United States v. Maliwat*, No. ACM 38579, 2015 CCA LEXIS 443, at *14–15 (A.F. Ct. Crim. App. 19 Oct. 2015), *rev'd*, 76 M.J. 128 (14 Feb. 2017). Under these circumstances, we find the CAAF's decision in *Hills* broke new ground and would not have been "apparent to all reasonable jurists" in February 2015.[4] *See Chaidez*, 568 U.S. at 347.

Thus, Petitioner's case was final before *Hills* established a new rule of criminal procedure. Accordingly, we consider whether an exception to the general rule of non-retroactivity applies. New substantive rules—including "decisions that narrow the scope of a criminal statute" and "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish"—generally do apply retroactively. *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004). However, new rules of criminal procedure—rules that "merely raise the possibility that someone convicted with the use of the invalidated procedure might have been acquitted otherwise"—generally do not apply retroactively. *Id.* at 352. With respect to new procedural rules, the Court has said:

> Because of this more speculative connection to innocence, we give retroactive effect to only a small set of "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." . . . That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one "without which the likelihood of an accurate

---

[4] We recognize this conclusion is somewhat at odds with the recent decision of our sister court, in a related but distinct context, in *United States v. Hoffman*, Army 20140172, 2017 CCA LEXIS 425, at *20–24 (A. Ct. Crim. App. 27 Jun. 2017) (finding *Hills* did not establish a "new rule" for purposes of determining whether the appellant's failure to object to Mil. R. Evid. 414 instructions waived the issue on appeal).

conviction is seriously diminished." . . . This class of rules is extremely narrow, and "it is unlikely that any . . . 'ha[s] yet to emerge.'"

*Id.* (citations omitted). To qualify as "watershed," a new procedural rule must both be necessary to prevent an "impermissibly large risk" of an inaccurate conviction *and* alter bedrock procedural elements essential to a fair proceeding. *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (citations and internal quotation marks omitted). Since *Teague* was decided, the Court has identified no such watershed rules of criminal procedure meriting retroactive application, and has rejected several that were proposed. *See id.*

The new procedural rule announced in *Hills* was not a "previously unrecognized bedrock procedural element that is essential to the fairness" of a trial. *Id.* at 421. Rather, the CAAF interpreted a military rule of evidence regarding the use of admissible evidence of charged instances of sexual assault, a point it had not previously specifically addressed. *Hills*, 75 M.J. at 354. That *Hills* cited fundamental constitutional concerns is not enough to achieve watershed status. *See Bockting*, 549 U.S. at 418–21. Accordingly, Petitioner is not entitled to the requested relief.

### III. CONCLUSION

Petitioner's request for an Extraordinary Writ in the Nature of a Writ of Coram Nobis is **DENIED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court