# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ARTURO A. TAFOYA**
**United States Army, Appellant**

ARMY 20140798

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel Derek D. Brown, Staff Judge Advocate

For Appellant: Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Cody Cheek, JA (on brief following remand); Lieutenant Colonel Christopher D. Carrier, JA; Major Brendan R. Cronin, JA; Captain Cody Cheek, JA (on reply brief following remand).

For Appellee: Major Daniel D. Derner, JA (on brief); Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief following remand).

28 November 2017

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REMAND
-----------------------------------------------------------------

SALUSSOLIA, Judge:

The findings of guilt as to three specifications of abusive sexual contact are reversed in light of *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017); the remaining finding is affirmed; the sentence is set aside; and a rehearing is authorized.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general regulation, and three specifications of abusive sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct

discharge, confinement for twenty-one months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

On 5 February 2016, this court summarily affirmed the findings and sentence. *United States v. Tafoya*, ARMY 20140798, Army Ct. Crim. App. 5 Feb. 2016). On 8 August 2016, the Court of Appeals for the Armed Forces (CAAF) set aside our decision and remanded the case to this court in light of *Hills*. *United States v. Tafoya*, 75 M.J. 430 (C.A.A.F. 2016). On remand, this court again affirmed the findings and sentence. *United States v. Tafoya*, ARMY 20140798, 2017 CCA LEXIS 107 (Army Ct. Crim. App. 14 Feb. 2017) (summ. disp.). On 26 July 2017, the CAAF reversed our decision and remanded the case to our court for further review under Article 66, UCMJ, in light of *Hukill*. *United States v. Tafoya*, 76 M.J. 439 (C.A.A.F. 2017).

## BACKGROUND

In Charge I, the government charged appellant with three specifications of abusive sexual contact involving three different soldiers. Specification 1 involved appellant placing his mouth on Specialist (SPC) AG's nipple. Specification 2 involved appellant touching Specialist SPC JK's thigh with his groin. Specification 3 involved appellant touching Private (PV2) DH's chest with his hand.

Prior to trial, the government requested the military judge consider Specifications 1 through 3 of Charge I for propensity purposes under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413. Over defense's objection to the government's request, the military judge issued a ruling stating in pertinent part "the government has satisfied its burden and may argue that evidence presented by each of the alleged victims listed under Charge I may be used [] as evidence that the accused committed the other abusive sexual contact alleged in the other specifications of Charge I." The government, in turn, referenced propensity during its closing argument. The military judge found appellant guilty of the three specifications.

## LAW AND DISCUSSION

After appellant's court-martial, our superior court held it is constitutional error for a military judge to give an instruction to a panel under Mil. R. Evid. 413 that permits evidence of charged sexual misconduct to be considered as propensity evidence when considering other charged sexual misconduct. *Hills*, 75 M.J. at 352. Recently, in *Hukill*, the Court of Appeals for the Armed Forces explained the *Hills* reasoning also applies to trials by military judge alone. 76 M.J. at 220. In that case, the military judge allowed the propensity evidence involving charged offenses to be

2

used against each charged offense for which appellant was convicted and, therefore, created constitutional error. *Id.*

If instructional error is found when there are constitutional dimensions at play, this court tests for prejudice under the standard of harmless beyond a reasonable doubt. *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006). The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005). An error is not harmless beyond a reasonable doubt when there is a reasonable possibility the error complained of might have contributed to the conviction. *United States v. Moran*, 65 M.J. 178, 187 (C.A.A.F. 2007); *United States v. Chandler*, 74 M.J. 674, 685 (Army Ct. Crim. App. 2015).

To prove Specifications 2 and 3, the government relied on the testimony of the accusers, both of whom tended to downplay the nature of the incidents. As to Specification 1, the government introduced DNA evidence along with the accuser's testimony. The defense, in turn, raised the defense of mistake of fact as to consent.

Having reviewed the evidence in light of the military judge's ruling, even if we believe the evidence factually sufficient to support appellant's guilt as to each specification, we are not convinced beyond a reasonable doubt that the Mil. R. Evid. 413 error did not contribute to the findings of guilt on Specifications 1 through 3 of Charge I. Accordingly, we grant relief in our decretal paragraph.

## CONCLUSION

The findings of guilty as to Specifications 1 through 3 of Charge I and Charge I are SET ASIDE. The remaining finding of guilty is again AFFIRMED. Additionally, the sentence is SET ASIDE. A rehearing is authorized on Specifications 1 through 3 of Charge I and Charge I and the sentence. The case is returned to the same or a different convening authority.

Senior Judge CAMPANELLA and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3