# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **ACM 38771 (rem)** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Cory D. PHILLIPS** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification each of aggravated sexual assault (Specification 1 of the Charge) and abusive sexual contact (Specification 3 of the Charge), in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.[1] Appellant was sentenced to a bad-conduct discharge, confinement for one year, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. A three-judge panel of this court affirmed the findings and sentence. *United States v. Phillips*, No. ACM 38771 (*f rev*), 2019 CCA LEXIS 102 (A.F. Ct. Crim. App. 8 Mar. 2019) (unpub. op.).

The United States Court of Appeals for the Armed Forces (CAAF) granted review on the following issue:

> WHETHER THE AIR FORCE CRIMINAL COURT OF APPEALS [SIC] ERRED IN HOLDING HARMLESS THE MILITARY JUDGE'S ERROR OF ALLOWING CHARGED SEXUAL MISCONDUCT TO PROVE PROPENSITY TO COMMIT AGGRAVATED SEXUAL ASSAULT IN LIGHT OF *UNITED STATES v. HUKILL*, 76 M.J. 219 (C.A.A.F. 2017).

The CAAF summarily reversed this court's decision as to Specification 1 of the Charge, set aside the finding of guilty as to Specification 1 of the Charge, and affirmed the remaining findings. The summary disposition returned the record to The Judge Advocate General of the Air Force for remand to this court and with direction that this court "may either dismiss Specification 1 of the Charge and reassess the sentence based on the affirmed findings, or it may order a rehearing on the affected specification and sentence." *United States v.*

---

[1] The aggravated sexual assault conviction was based on the version of Article 120, UCMJ, in effect in 2007. 10 U.S.C. § 920(c), *as amended by*, the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109–163, sec. 552, 119 Stat. 3136, 3257 (2006).

*Phillips*, ___ M.J. ___, No. 19-0291, 2019 CAAF LEXIS 779 (C.A.A.F. 31 Oct. 2019).

Accordingly it is by the court on this 14th day of January, 2020,

**ORDERED**:

The record of trial is returned to The Judge Advocate General for remand to the convening authority for further action consistent with the CAAF's decision; a rehearing as to Specification 1 of the Charge and the sentence is authorized. Article 66(e), UCMJ, 10 U.S.C. § 866(e). *Manual for Courts-Martial, United States* (2016 ed.). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66. UCMJ, of any finding or sentence approved by the convening authority.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court