# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 38771 (reh)**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Cory D. PHILLIPS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 October 2021

———————————

*Military Judge:* Sterling C. Pendleton.

*Approved sentence:* Confinement for 3 months and reduction to E-1. Sentence adjudged 2 July 2020 by GCM convened at Peterson Air Force Base, Colorado.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

Appellant's case has a lengthy appellate history. A general court-martial composed of a military judge alone originally convicted Appellant, contrary to his pleas, of one specification of aggravated sexual assault (Specification 1) and one specification of abusive sexual contact (Specification 3), both in violation of

Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920.* Appellant was originally sentenced to a bad-conduct discharge, confinement for one year, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Upon its initial review, this court affirmed the findings and sentence. *United States v. Phillips*, No. ACM 38771, 2016 CCA LEXIS 532 (A.F. Ct. Crim. App. 7 Sep. 2016) (unpub. op.).

The United States Court of Appeals for the Armed Forces (CAAF) granted review and, on further consideration, set aside this court's prior decision and remanded the case for a new review under Article 66, UCMJ, 10 U.S.C. § 866, in light of *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017). *United States v. Phillips*, 76 M.J. 441 (C.A.A.F. 2017) (mem.).

On remand from the CAAF, this court set aside the action of the convening authority and returned the record of trial to The Judge Advocate General for remand to the convening authority for new post-trial processing with conflict-free defense counsel in light of *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.). *United States v. Phillips*, No. ACM 38771 (rem), 2018 CCA LEXIS 614 (A.F. Ct. Crim. App. 6 Feb. 2018) (unpub. op.). After the convening authority approved the originally adjudged sentence for a second time, Appellant's case was re-docketed with this court, which again affirmed the findings and sentence. *United States v. Phillips*, No. ACM 38771 (f rev), 2019 CCA LEXIS 102 (A.F. Ct. Crim. App. 8 Mar. 2019) (unpub. op.).

The CAAF then granted review for a second time, reversed this court's decision as to the specification of aggravated sexual assault, affirmed the findings of guilty as to the specification of abusive sexual contact and as to the Charge, and returned the record to The Judge Advocate General for remand to this court. *United States v. Phillips*, 79 M.J. 300 (C.A.A.F. 2019) (mem.). The CAAF directed that this court may either dismiss the specification of aggravated sexual assault and reassess the sentence, or "order a rehearing on the affected specification and the sentence." *Id.*

Upon the second remand by the CAAF, this court returned the record "to The Judge Advocate General for remand to the convening authority for further

---

* Because the aggravated sexual assault occurred in early June 2012, the conviction was based on the version of Article 120, UCMJ, in effect for offenses occurring between 1 October 2007 and 28 June 2012. 10 U.S.C. § 920(c) (2006), *as amended by* the National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109–163, § 552, 119 Stat. 3136, 3257 (2006). Appellant's conviction for abusive sexual contact committed in November 2013 was pursuant to the version of Article 120, UCMJ, that went into effect in 2012. 10 U.S.C. § 920(c) (2012). Appellant was acquitted of an additional specification of abusive sexual contact in April 2013 in violation of Article 120, UCMJ.

action consistent with the CAAF's decision," and authorized a rehearing as to the specification of aggravated sexual assault and the sentence. *United States v. Phillips*, No. ACM 38771 (rem), 2020 CCA LEXIS 12 (A.F. Ct. Crim. App. 14 Jan. 2020) (order). On remand from this court, the convening authority withdrew and dismissed the specification of aggravated sexual assault and ordered a rehearing as to the sentence on the affirmed specification of abusive sexual contact. At the sentence rehearing, a general court-martial composed of a military judge alone sentenced Appellant to confinement for three months and reduction to E-1, and credited Appellant with 285 days of confinement he served pursuant to the original sentence. The convening authority approved the sentence adjudged at the rehearing.

Appellant's case is now before this court for the fifth time. Appellant has submitted the record for review on its merits with no specific assignment of error. The findings of guilty as to Specification 3 of the Charge and the Charge have been previously affirmed. The approved sentence is correct in law and fact, and no further error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved sentence is **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court