# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant JAMES N. COSTIGAN**
**United States Army, Appellant**

ARMY 20150052

Headquarters, Fort Drum
Troy A. Smith, Military Judge (arraignment)
S. Charles Neill, Military Judge (motions hearing & trial)
Lieutenant Colonel Derek D. Brown, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan A. Osterhage, JA; Captain Joshua B. Fix, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

9 January 2018

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

This case is again before us for review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 (2012). After considering the additional pleadings submitted by the parties and the entire record in light of our superior court's holding in *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), we are convinced appellant's conviction is legally and factually sufficient. Given the overwhelming strength of the government's case, we find the propensity evidence did not contribute to the findings of guilty or appellant's sentence, and any error was harmless beyond a reasonable doubt.

A military judge sitting as a general court martial convicted appellant, contrary to his pleas, of four specifications of aggravated sexual contact with a child who had not attained the age of twelve years, in violation of Article 120, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for thirty-six years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

COSTIGAN—ARMY 20150052

On 28 September 2016, this court affirmed the findings of guilty and the sentence. *United States v. Costigan*, ARMY 20150052 (Army Ct. Crim. App. 28 Sept. 2016) (unpublished). On 27 July 2017, our superior court remanded the case for reconsideration in light of its holding in *Hukill*. *United States v. Costigan*, 76 M.J. 441 (C.A.A.F. 2017) (summ. disp.).

**BACKGROUND**

Appellant stands convicted of sexual offenses against his two daughters, AC and EC. At the time of trial, AC was ten years old and EC was eight years old. The military judge granted a government motion, over defense objection, to allow use of charged sexual misconduct to show appellant's propensity to commit other specifications of charged sexual misconduct under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 and Mil. R. Evid. 414. Appellant alleges the military judge abused his discretion in so ruling.

Appellant was charged with several offenses that would qualify as "child molestation" under Mil. R. Evid. 414 for allegedly abusing his daughters. In a pretrial motion, the government sought to introduce evidence of the charged offenses involving EC as propensity evidence to support the charged offenses involving AC, and vice versa. In the motion, the trial counsel requested the military judge give the panel the then standard instruction from the Military Judges' Benchbook to inform the panel "they can use each sister's testimony as propensity evidence in support of the others [sic]." The defense did not file a written response to the motion. When the issue was raised during the motions hearing, the defense requested to litigate the issue when the parties discussed instructions at trial. Both the military judge and the government counsel agreed with this proposed course of action. Ultimately, appellant elected to be tried by military judge alone.

Prior to closing arguments, the military judge discussed the government's motion to admit evidence under Mil. R. Evid. 414 with both parties. The defense objected to the use of the propensity evidence, arguing it failed the Mil. R. Evid. 403 balancing test because the strength of proof for each charge was weak. The government argued it had satisfied its burden to admit the evidence, noting the evidence was strong and the charges were identical. Because the military judge thought his ruling might impact how counsel argued, he recessed the court-martial for the evening so he could provide a written ruling in advance of closing arguments. That evening, the military judge granted the government's motion ruling:

> The Government has satisfied its burden and may argue
> that evidence presented by each of the alleged victims
> listed under Charge I may be used as evidence that
> [appellant] committed the other offenses alleged in the
> other specifications of Charge I.

2

In reaching this conclusion, the military judge applied the Mil. R. Evid. 403 balancing test and factors from *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000). In applying the *Wright* factors, the military judge determined the following about the strength of the proof of the charged offenses and the probative weight of the propensity evidence for EC and AC:

> The Court finds the evidence of child molestation of [EC] is very strong. As set forth above, [EC] was a credible witness. She testified candidly and does not have an apparent motive to fabricate these allegations. Her testimony is also supported by her inappropriate touching during the dates of the alleged offenses. . . . The probative value is very high. The Court notes that these acts against [EC] have several common factors with the other specifications under Charge I in which her sister is listed as the alleged victim. In all Specifications, [appellant] touched his underage daughters or caused them to touch him inappropriately.
>
> . . . .
>
> The Court finds the evidence of child molestation of [AC] is strong. As set forth above, she was a credible witness. She testified candidly and does not have an apparent motive to fabricate these allegations. Of note, unlike her sister, [AC] did not touch herself inappropriately in public or exhibit other outward signs of child molestation. However, her testimony was persuasive on its own. . . . The probative value is high. The Court notes that these acts against [AC] have several common factors with other specifications under Charge I in which her sister is listed as the alleged victim. In all Specifications, [appellant] touched his underage daughters or caused them to touch him inappropriately.

## LAW AND DISCUSSION

*Military Rules of Evidence 413 and 414.*

In *United States v. Hills*, our superior court ruled the use of charged misconduct as propensity evidence to prove other charged misconduct pursuant to Mil. R. Evid. 413 was improper. *See* 75 M.J. 350, 356 (C.A.A.F. 2016) ("It is antithetical to the presumption of innocence to suggest that conduct of which an accused is presumed innocent may be used to show a propensity to have committed

3

other conduct of which he is presumed innocent.").  In *Hukill*, our superior court extended *Hills* to military-judge-alone cases as follows:

> We therefore clarify that under *Hills*, the use of evidence of charged conduct as [Mil. R. Evid.] 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected.  Whether considered by members or a military judge, evidence of a charged and contested offense . . . cannot be used as propensity evidence in support of a companion charged offense.

*Hukill*, 76 M.J. at 222.  Moreover, our superior court found the presumption that a military judge knows and follows the law was rebutted by the evidence in the record and the error was not harmless beyond a reasonable doubt.  *See id.* at 223. ("The presumption is that military judges will correctly follow the law, which would normally result in no legal error, not that an acknowledged error is harmless.  The presumption cannot somehow rectify the error or render it harmless.").

Error in admitting propensity evidence of charged conduct is constitutional in nature.  Therefore, we may only affirm the affected findings of guilty if we determine the error was harmless beyond a reasonable doubt.  *Chapman v. California*, 386 U.S. 18, 24 (1967); *United States v. Kreutzer*, 61 M.J. 293, 298-99 (C.A.A.F. 2005).  "The inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the defendant's conviction or sentence."  *Kreutzer*, 61 M.J. at 298 (internal quotation marks and citations omitted).

Here, while we find the use of charged misconduct as propensity evidence of other charged misconduct created an error rising to a constitutional dimension, the error was harmless beyond a reasonable doubt.  The government's case was strong on the charges for which he was convicted, independent of any inference of propensity.  Appellant sexually assaulted two victims on separate occasions using a similar plan or scheme.  Both victims testified compellingly, and they were able to corroborate the details of the evenings spent naked in their father's bed and the sexual contact that followed the next morning.  Specifically, EC observed appellant force his penis into her sister's mouth, and AC observed the same act by appellant with her sister.  Perhaps most compelling was EC's abnormal behavior witnessed by several adult educators and support staff at school, outside of the family setting.  This conduct was characterized by an expert witness as indicative of a traumatized child.  EC exhibited outbursts, forced hugs, rubbed her genital area, and inserted her finger, hands, and objects into her vagina.

Appellant's statements support Specifications 3 through 6.  In response to the school officials confronting him about EC's behavior and continued self-touching

throughout the day, appellant stated that he lost his virginity when he was eleven years old. Appellant made a statement to the state investigator that was viewed by the fact-finder as evidence of his guilt. He admitted to Investigator RP that his daughters slept in bed with him and further stated that, if he committed any of the acts alleged by his daughters, it must have been in his sleep. In contrast, AC testified that appellant would force both her and her sister to touch his penis with their hands; however, EC never made that assertion, and the military judge found appellant not guilty of this allegation.

Throughout the government's twenty-eight-page closing and rebuttal arguments, there was only one sentence regarding propensity. *See United States v. Bonilla*, ARMY 20131084, 2016 CCA LEXIS 590, at *25 (Army Ct. Crim. App. 30 Sept. 2016) (mem. op.) (determining the government's failure to argue propensity weighed against prejudice), *pet. granted, aff'd*, 76 M.J. 335 (C.A.A.F. May 3, 2017) (summ. disp.). The government argued "[s]ome of the strongest evidence" was that there are two victims who were assaulted "in the same way and the same manner[.]" *We find the most compelling evidence is that the two victims were assaulted in each other's presence and observed each other being molested in their father's bedroom*, which all parties acknowledged was the common sleeping arrangement. Also of note is the military judge's Mil. R. Evid. 414 ruling, which found no indication of AC and EC collaborating prior to providing testimony and found both AC and EC independently credible. Appellant further implies the government's statement that "[t]here are two witnesses who corroborate each other['s] stories," is a propensity argument. However, as stated above, the sisters were in the same bed or the same room when appellant molested them. As such, AC and EC's testimony did in fact corroborate each other as *eyewitness testimony*, not as propensity evidence.

Viewing the evidence as a whole, we are convinced beyond a reasonable doubt that the use of charged conduct as propensity evidence by the military judge was harmless beyond a reasonable doubt.

## CONCLUSION

On consideration of the entire record, including the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court