*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

───────────────

## UNITED STATES
Appellee

**v.**

## John T. LONG, Master Sergeant
U.S. Army, Appellant

**No. 21-0085**
Crim. App. No. 20150160

Argued May 25, 2021—July 26, 2021

Military Judges: Deidra J. Fleming (arraignment) and
Christopher T. Fredrikson (trial)

For Appellant: *William E. Cassara*, Esq. (argued); *Lieutenant Colonel Angela D. Swilley*, *Major Alexander N. Hess*, and *Captain Thomas J. Travers* (on brief); *Colonel Michael C. Friess* and *Major Kyle C. Sprague*.

For Appellee: *Captain Samantha E. Katz* (argued); *Colonel Steven P. Haight*, *Lieutenant Colonel Wayne H. Williams*, and *Major Brett A. Cramer* (on brief); *Captain Anthony A. Contrada*.

Judge MAGGS delivered the opinion of the Court, in which Chief Judge STUCKY and Judges OHLSON, SPARKS, and HARDY, joined.

───────────────

Judge MAGGS delivered the opinion of the Court.

In this appeal, we confront the same misuse of propensity evidence that this Court addressed in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), and several subsequent cases. The "*Hills* error" here concerns a specification alleging that Appellant committed the offense of rape of a child who has not attained the age of twelve years in violation of Article 120(b)(1), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920(b)(1) (Supp. I 2007). The parties agree that the error occurred but disagree about the consequences of the error. As described below, we hold that properly admitted non-propensity evidence was legally sufficient to support a finding that Appellant is guilty of the offense. We nonetheless hold,

based on precedent, that the *Hills* error was not harmless beyond a reasonable doubt. We therefore set aside the finding that Appellant is guilty of the specification at issue and also set aside the sentence. We authorize a rehearing on the specification that we have set aside. We affirm findings that Appellant is guilty of two other specifications. We authorize a rehearing on the sentence.

## I. Background

### A. Procedural History

A military judge sitting as a general court-martial found Appellant guilty, contrary to his pleas, of abusive sexual contact with a child (three specifications), indecent liberties with a child (two specifications), rape of a child, sodomy upon a child under twelve years of age, assault consummated by a battery upon a child under sixteen years of age, indecent acts with a child (two specifications), and child endangerment, in violation of Articles 120, 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 928, 934 (2006 & Supp. I 2007), and of sexual abuse of a child in violation of Article 120b(c), UCMJ, 10 U.S.C. § 920b(c) (Supp. V 2011).[1] The military judge sentenced Appellant to sixty years

---

[1] The military judge found Appellant not guilty of two specifications alleging violations of Article 134, UCMJ; four specifications alleging violations of Article 120, UCMJ; and one specification alleging a violation of Article 80, UCMJ, 10 U.S.C. § 880. We note that Specification 11 of Charge II alleged that Appellant violated Article 120, UCMJ, by committing a lewd act on a child between on or about July 8, 2012, and on or about July 20, 2012. The promulgating order shows that Appellant was found guilty of this specification, also indicating that Appellant violated Article 120, UCMJ. But at the time of the offense, sexual abuse of a child by committing a lewd act was prohibited by Article 120b(c), UCMJ, 10 U.S.C. § 920b(c) (Supp. V 2011), which went into effect on July 1, 2012, rather than by Article 120, UCMJ. The United States Army Court of Criminal Appeals (ACCA) apparently noticed this discrepancy because its opinions identify the offense as a violation of Article 120b, UCMJ. *See, e.g., United States v. Long*, No. ARMY 20150160, 2018 CCA LEXIS 512, at *1 n.1, 2018 WL 5623640, at *1 n.1 (A. Ct. Crim. App. Oct. 26, 2018) (unpublished). The ACCA's opinions, however, do not explain the discrepancy. Given that the ACCA later set aside the finding that Appellant was guilty of Specification 11

of confinement, reduction to the grade of E-1, and a dishonorable discharge. The convening authority approved the findings and sentence as adjudged.

In his first appeal to the ACCA, Appellant argued that the military judge had improperly allowed the Government to use evidence that Appellant committed charged sexual offenses to prove that he had a propensity to commit other charged sexual offenses. *Long*, 2018 CCA LEXIS 512, at \*28–33, 2018 WL 5623640, at \*10–12. The Government conceded that this was a *Hills* error and further conceded that the error was not harmless beyond a reasonable doubt with respect to nine specifications of sexual offenses. *Id.* at \*28, 2018 WL 5623640, at \*10–11. The ACCA dismissed two of these specifications and set aside the findings on the other seven. *Id.* at \*33, 2018 WL 5623640, at \*12. The ACCA, however, affirmed the finding that Appellant was guilty of the specification of rape of a child (Specification 8 of Charge II) because it determined that the *Hills* error was harmless beyond a reasonable doubt. *Id.*, 2018 WL 5623640, at \*11–12. The ACCA also affirmed the findings of guilt with respect to the specification of child endangerment (Specification 5 of Charge I) and the specification of assault consummated by a battery (the Specification of Charge IV). *Id.*, 2018 WL 5623640, at \*11–12. The ACCA set aside the sentence. *Id.*, 2018 WL 5623640, at \*12.

The ACCA returned the case to the convening authority for further action. *Id.*, 2018 5623640, at \*12. In so doing, the ACCA provided the convening authority three options: (1) order a rehearing on the specifications that it had set aside and not dismissed and a rehearing on the sentence; (2) order a rehearing on the sentence alone; or (3) "reassess the sentence, affirming no more than a dishonorable discharge, confinement for forty years, and reduction to E-1." *Id.*, 2018 WL 5623640, at \*12. Appellant petitioned this Court for review, but we dismissed the petition without prejudice to Appellant's right to raise the matters asserted during the normal course of appellate review. *United States v. Long*, 79 M.J. 99 (C.A.A.F. 2019).

---

of Charge II, and given that the parties do not make an issue of this difference, we also will not further address this point.

The convening authority subsequently determined that holding a rehearing would be impracticable. The convening authority therefore chose the third option outlined by the ACCA. Accordingly, the convening authority approved only so much of the sentence as provided for confinement for forty years, reduction to the grade of E-1, and a dishonorable discharge.

Appellant again appealed to the ACCA. The ACCA reaffirmed the findings that Appellant is guilty of the specifications for rape of a child, child endangerment, and assault consummated by a battery. *United States v. Long*, No. ARMY 20150160, 2020 CCA LEXIS 368, at *4–5, 2020 WL 6196052, at *2 (A. Ct. Crim. App. Oct. 21, 2020) (summary disposition on further review) (unpublished). But the ACCA concluded that its prior ruling instructing the convening authority that he could reassess the sentence within a specified limit violated this Court's recent holding in *United States v. Gonzalez*, 79 M.J. 466 (C.A.A.F. 2020). 2020 CCA LEXIS 368, at *4, 2020 WL 6196052, at *2–3. The ACCA, accordingly, reassessed the sentence de novo. *Id.*, 2020 WL 6196052, at *2–3. The reassessment produced the same result: a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1. *Id.* at *5, 2020 WL 6196052, at *3.

We granted review of three issues:

> I. Whether the Army court erred in concluding the impermissible use of charged sexual misconduct as propensity evidence was harmless beyond a reasonable doubt [with respect to the child rape specification].

> II. Whether Appellant's conviction for rape of a child was legally sufficient where the Government presented no evidence of the charged sexual act.

> III. Whether the Army court abused its discretion in reassessing the sentence.

We address these assigned issues after describing additional relevant facts.

## B. Additional Facts Relevant to the Assigned Issues

Appellant's daughter, who was eleven years old at the time of the relevant events, testified that she drank vodka

with Appellant on the evening of December 31, 2009. As a result of her alcohol consumption, she fell down stairs and injured herself. She further testified that after drinking the vodka, she became belligerent, and Appellant escorted her to her bedroom. She testified that she fell asleep, woke up, and found Appellant on top of her. The daughter further testified that Appellant choked her with his hands until she passed out.

The daughter did not testify that Appellant had penetrated her vulva. But she testified that when she woke up the next morning, she had pain in her vaginal area and hand marks and bruises on her legs and neck. In addition, the daughter testified that when she urinated, "[i]t burned" and "everything hurt," and also that "[t]here was blood . . . all over my vagina and my butt." She testified she began menstruating only after the alleged rape, implying that the blood was not from menstruating.

In addition to the daughter, other witnesses also testified. Her mother testified that she observed bruising on the daughter's neck and legs the next day. Her mother also testified that the daughter "said that her butt hurt. And she said that her body was sore. She said she was hurting all over." The daughter's brother and a house guest testified that they did not recall seeing any bruising.

The mother also presented testimony concerning a specification of which Appellant was found not guilty. The specification alleged that Appellant "[d]id, at or near Clarksville, Tennessee, on divers occasions, between on or about 23 October 2009 and on or about 31 December 2009, engage in a sexual act, to wit: penetrate the vulva of [the mother] with his penis, by using force sufficient that she could not avoid or escape the sexual conduct." The mother described how Appellant, on divers occasions, had climbed on top of her and choked her with his hands so that she could not speak or breathe. She testified that, "[i]f we were having sex, like normal sex, he'd be on top of me; and his hands would be around my throat." She further testified that while Appellant was doing this, he also penetrated her with his penis.

The Government provided notice before trial of its intent to use propensity evidence under Military Rules of Evidence

(M.R.E.) 413 and 414.[2] Propensity evidence became an issue when the defense moved, following presentation of the Government's evidence, to dismiss Specifications 7 and 8 of Charge II under Rule for Courts-Martial (R.C.M.) 917. Both of these specifications alleged that Appellant "did, at or near Clarksville, Tennessee, on or about 31 December 2009, engage in a sexual act" involving his daughter, a "child who had not attained the age of 12 years." Specification 7 alleged in addition that Appellant penetrated his daughter's "genital opening . . . *with an object*," while Specification 8 alleged that he penetrated his daughter's "vulva . . . *with his penis*." (Emphasis added.)

In support of this motion, trial defense counsel argued that the Government had presented no evidence that Appellant had penetrated his daughter's genital opening or vulva with an object or his penis. In response, trial counsel argued that the evidence showed that Appellant had a propensity to commit these offenses. Trial counsel asserted: "[T]he government believes that the Court can make an inference. . . . [The daughter's] description is very similar . . . to that which [the mother] describes when the accused would be penetrating her while strangling her." In making this argument, trial counsel was referring to the mother's testimony described above. The military judge denied the motion to dismiss under R.C.M. 917 without indicating whether he did or did not consider propensity evidence. During arguments on findings with respect to the rape of a child specification, trial counsel made no express mention of propensity evidence.

---

[2] The applicable versions of M.R.E. 413 and 414 are found in the *Supplement to Manual for Courts-Martial, United States, Military Rules of Evidence* (2012 ed.). M.R.E. 413(a) provides: "In a court-martial proceeding for a sexual offense, the military judge may admit evidence that the accused committed any other sexual offense. The evidence may be considered on any matter to which it is relevant." M.R.E. 414(a) provides: "In a court-martial proceeding in which an accused is charged with an act of child molestation, the military judge may admit evidence that the accused committed any other offense of child molestation. The evidence may be considered on any matter to which it is relevant."

The military judge made the findings described above. Of particular note for the assigned issue is that the military judge found Appellant guilty of Specification 8 of Charge II, which averred that Appellant penetrated his daughter's vulva with his penis. But the military judge found Appellant not guilty of Specification 7 of Charge II, which averred that Appellant penetrated his daughter's genital opening with an object.

## II. Discussion

In *Hills*, a military judge instructed the members that if they found by a preponderance of the evidence that the accused had committed a charged sexual offense, they could consider the evidence of that charged offense for its tendency to show that the accused committed other charged sexual offenses. 75 M.J. at 353. The military judge believed that the instruction was authorized by M.R.E. 413(a). On appeal, however, this Court held that the instruction violated M.R.E. 413(a) because "[n]either the text of M.R.E. 413 nor the legislative history of its federal counterpart suggests that the rule was intended to permit the government to show propensity by relying on the very acts the government needs to prove beyond a reasonable doubt in the same case." *Id.* at 352. This Court also ruled that the instruction violated the constitutional requirement of due process "by creating [a] risk that the members would apply an impermissibly low standard of proof, undermining both 'the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt.'" *Id.* at 357 (quoting *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)). Although the *Hills* case involved a trial before members, this Court later applied the decision in a case tried by a military judge alone. In *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), the Court held that the prohibition against using charged conduct as "propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected." *Id.* at 222.

In this appeal, neither party challenges the *Hills* decision, or its extension to a military judge-alone trial in *Hukill*. Further, both parties agree that a *Hills* error occurred because, in response to the R.C.M. 917 motion, trial counsel argued

that the military judge could use evidence of one charged of-fense (i.e., that Appellant penetrated the mother with his pe-nis) to prove another charged offense (i.e., that Appellant pen-etrated his daughter with his penis). The parties, however, disagree about whether admissible non-propensity evidence was legally sufficient to sustain the child rape specification and about whether the use of propensity evidence was harm-less beyond a reasonable doubt. We discuss each issue in turn.

A. Legal Sufficiency Without Propensity Evidence

Specification 8 of Charge II alleged that Appellant "did, at or near Clarksville, Tennessee, on or about 31 December 2009, engage in a sexual act, to wit: penetrate the vulva of [his daughter, a] child who had not attained the age of 12 years, with his penis." Appellant argues that the evidence was legally insufficient to prove this charge because, in his view, there is no evidence that he penetrated his daughter *with his penis*.

We review de novo the question of whether the evidence was legally sufficient. *United States v. Young*, 64 M.J. 404, 407 (C.A.A.F. 2007). Evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). As the Supreme Court has explained: "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

In applying this test for legal sufficiency, reviewing courts must remember that "[f]indings may be based on direct or cir-cumstantial evidence." R.C.M. 918(c); *see also United States v. King*, 78 M.J. 218, 221 (C.A.A.F. 2019) ("[T]he government is free to meet its burden of proof with circumstantial evi-dence."). And the Supreme Court has explained: "Circumstan-tial evidence . . . is intrinsically no different from testimonial evidence. . . . [With] both, the jury must use its experience with people and events in weighing the probabilities. If the jury is convinced beyond a reasonable doubt, [an appellate

court] can require no more." *Holland v. United States*, 348 U.S. 121, 140 (1954).

In this case, we agree with Appellant that the evidence would be insufficient to sustain the finding with respect to Specification 8 of Charge II if a rational factfinder could not have found beyond a reasonable doubt that Appellant penetrated his daughter's vulva with his penis. We recognize that the applicable version of Article 120, UCMJ, did not require the Government to allege or prove that Appellant penetrated his daughter with his penis as opposed to with some other object.[3] In this case, however, Specification 7 of Charge II alleged penetration with an object, while Specification 8 of Charge II alleged penetration with Appellant's penis. Given that the military judge found Appellant not guilty of Specification 7, the evidence is legally sufficient for Specification 8 only if a rational factfinder could find beyond a reasonable doubt that Appellant penetrated his daughter with his penis. *See United States v. English*, 79 M.J. 116, 120 (C.A.A.F. 2019) (noting that, although the government is "not required to draft the specification alleging a particular type of force," if the government "narrowed the scope of the charged offense by alleging a particular type of force, it was required to prove the facts as alleged").

-----

[3] The applicable version of Article 120(b)(1), UCMJ, provides: "Any person subject to this chapter who—(1) engages in a sexual act with a child who has not attained the age of 12 years . . . is guilty of rape of a child and shall be punished as a court-martial may direct." 10 U.S.C. § 920(b)(1) (Supp. I 2007). The term "sexual act" is defined as:

> (A) contact between the penis and the vulva, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight; or

> (B) the penetration, however slight, of the genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person.

Article 120(t)(1), UCMJ, 10 U.S.C. § 920(t)(1) (Supp. I 2007).

Appellant emphasizes that Appellant's daughter did not perceive penetration as it was occurring. Appellant acknowledges that testimony about the pain his daughter felt in her genital area and the blood and bruising is relevant circumstantial evidence. But Appellant contends that even if this evidence could support an inference that the daughter was penetrated *with something*, it is legally insufficient to establish that Appellant penetrated her *with his penis*.

We disagree. We find instructive the analysis in *Murphy v. Phillips*, No. 20-4132, 2021 U.S. App. LEXIS 7838, 2021 WL 1625400 (6th Cir. Mar. 17, 2021), a recent case in which a circuit judge denied a certificate of appealability to a state prisoner in a habeas corpus case. The state prisoner challenged the legal sufficiency of his conviction for raping an eleven-month-old girl by penetrating her mouth with his penis. *Id.* at *2, 2021 WL 1625400, at *1. A treating physician observed an injury to the victim's throat, but could not say what object had penetrated her mouth. *Id.*, 2021 WL 1625400, at *1. (The infant obviously could not testify about what happened.) The prisoner, much like Appellant in this case, argued that at most a rational juror could conclude that the victim suffered an injury by being penetrated by something but could not conclude that the injury was caused by his penis. *Id.* at *8–9, 2021 WL 1625400, at *3. The court rejected this argument, observing among other things that evidence of bruising on the victim's neck and genital area was consistent with sexual abuse. *Id.* at *9, 2021 WL 1625400, at *3. The opinion concluded that, in the light of all testimony presented, and given the absence of evidence that some object other than the victim's penis penetrated the victim's mouth, the jury could reasonably infer that the victim's injuries were caused by the prisoner's penis. *Id.* at *9–10, 2021 WL 1625400, at *3.

The *Murphy* opinion is consistent with the principles, described above, for judging the legal sufficiency of the evidence and is very similar to this case. The reviewing judge considered circumstantial evidence, viewed the evidence in the light most favorable to the government, drew reasonable inferences in favor of the government, and apparently used his experience with people and events in considering the sufficiency of the evidence. Under these same principles, we believe that the evidence is legally sufficient in this case.

The military judge could find that Appellant climbed on top of his daughter based on her testimony. The military judge similarly could find that Appellant used his hands to choke his daughter, based on her testimony and the bruising her mother saw on her neck. The military judge further could find that penetration occurred based on what the daughter testified about the pain and the blood. Finally, if Appellant was on top of his daughter and choking her neck with his hands, and was simultaneously penetrating her, the military judge could reasonably infer that he was penetrating her with his penis and not with his hands or something held in his hands. As counsel for the Government contended at oral argument, "the positioning of the bodies" and the fact that "Appellant's hands were occupied around her neck" supports a reasonable inference that Appellant penetrated her with his penis.

Appellate defense counsel's response to this line of reasoning is that there was no evidence that the choking and penetration occurred at the same time. Appellate defense counsel points out that the daughter did not perceive that she was being penetrated while she was being choked. He further points out that the daughter was wearing pajamas while being choked, suggesting that Appellant would have had to remove his hands from her neck to lower her pajamas before penetrating her.

The issue before us is *legal* sufficiency, not *factual* sufficiency. *See United States v. Holt,* 52 M.J. 173, 186 (C.A.A.F. 1999) ("[C]onsideration of the factual sufficiency of the evidence is outside the statutory parameters of our review."). We hold that when considering the evidence in the light most favorable to the Government, the military judge, as a rational factfinder, could use his "experience with people and events in weighing the probabilities" to infer beyond a reasonable doubt that Appellant penetrated his daughter while he was on top of her and did so with his penis as opposed to some other object. *Holland*, 348 U.S. at 140. Based on the facts that the daughter experienced pain around her vagina, detected blood there before she had begun menstruating, and reported waking up to Appellant on top of her the night before, a rational factfinder could reasonably have inferred that Appel-

lant penetrated her vulva. And based on the position of Appellant's body and his hands, a reasonable inference that can be drawn in favor of the Government is that Appellant penetrated her with his penis. Like the judge in *Murphy*, we conclude that the evidence is legally sufficient to establish all the elements of the offense.

## B. Harmlessness of the *Hills* Error

Our determination that non-propensity evidence was legally sufficient to support the finding of guilt does not resolve this case. We also must consider whether the *Hills* error "materially prejudice[d] the substantial rights of the accused." Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018). Where, as here, "the accused fails to preserve the [constitutional] instructional error by an adequate objection or request, we test for plain error." *United States v. Williams*, 77 M.J. 459, 462 (C.A.A.F. 2018) (internal quotation marks omitted) (citation omitted). "Under this Court's plain error jurisprudence, to establish plain error an appellant must demonstrate (1) error, (2) that is clear or obvious at the time of appeal, and (3) prejudicial." *Id.* The Government concedes that, under *Hills* and *Hukill*, "the use of propensity evidence from charged offenses to prove other charged offenses constitutes 'clear or obvious error.' " The dispute in this case, then, is whether the *Hills* error was prejudicial.

According to this Court's precedents, "where a forfeited constitutional error was clear or obvious, 'material prejudice' [under Article 59(a), UCMJ] is assessed using the 'harmlessness beyond a reasonable doubt' standard." *United States v. Tovarchavez*, 78 M.J. 458, 460 (C.A.A.F. 2019) (internal quotation marks omitted) (citations omitted). "That standard is met where a court is confident that there was no reasonable possibility that the error might have contributed to the conviction." *Id.* Because both parties agree that this is the appropriate test for prejudice under this Court's precedents, we apply it here and hold that the *Hills* error in this case was not harmless beyond a reasonable doubt.

Our decision in *Williams*, 77 M.J. 459, provides highly relevant guidance. The Court in *Williams* set aside the finding of guilt as to one affected specification because the Court was "not convinced that the erroneous propensity instruction

played no role in Appellant's conviction." *Id*. at 463. But the Court affirmed the finding of guilt with respect to another specification. Quoting *United States v. Guardado*, 77 M.J. 90, 94 (C.A.A.F. 2017), the Court explained that " '[t]here are circumstances where the evidence is overwhelming, so we can rest assured that an erroneous propensity instruction did not contribute to the verdict by tipp[ing] the balance in the members ultimate determination.' " *Id*. at 464 (alterations in original) (internal quotation marks omitted). The Court was "confident" that the *Hills* error had no effect on a finding that the appellant had committed forcible sodomy, given corroborating evidence of (1) physical damages to the premises where a struggle took place, (2) photographs of the victim's wounds, (3) testimony by eyewitnesses as to the victim's distraught demeanor, and (4) a sworn statement by the appellant that confirmed a portion of the victim's account. *Id*.

In contrast, here we cannot say that propensity evidence played no role in the military judge's finding that Appellant is guilty of Specification of 8 of Charge II. Unlike in *Williams*, in this case, the non-propensity evidence is not overwhelming for the specification *as alleged*. We agree with the Government that this case involves some corroborating evidence, such as the testimony about the daughter's pain, bleeding, and bruising. This is evidence that the daughter *was penetrated*. But as described in the discussion of the legal sufficiency of the evidence, the military judge had to make an inference that Appellant penetrated the daughter with his penis as opposed to with some other object. In making this inference, the mother's testimony that Appellant had sexually assaulted her in the same manner, coupled with the Government's propensity argument, may have influenced the military judge. Therefore, we cannot say the error was harmless beyond a reasonable doubt.

In reaching this conclusion, we recognize that trial counsel emphasized propensity in the context of the R.C.M. 917 motion, and did not expressly include the issue of propensity in arguments on findings. But trial counsel's arguments on the R.C.M. 917 motion became part of the record, and the Government has cited nothing to suggest that the military judge in making his findings forgot or ignored the points that trial counsel had asserted earlier in the trial. In addition, although

the *Williams* case confirms that *Hills* errors sometimes are harmless, this case is distinguished from *Williams* because the evidence supporting a conviction here is not overwhelming without use of the propensity evidence.

Finally, we note that this Court addressed standards of review in *Tovarchavez*, holding that "[w]here the error is constitutional, *Chapman* [*v. California*, 386 U.S. 18, 24 (1967)] directs that the government must show that the error was harmless beyond a reasonable doubt to obviate a finding of prejudice," regardless of whether an objection to the error was preserved or forfeited. 78 M.J. at 462. After the parties argued the present case, the Supreme Court of the United States decided *Greer v. United States*, 141 S. Ct. 2090 (2021). In *Greer*, the Supreme Court reviewed a forfeited nonstructural constitutional error for plain error under Fed. R. Crim. P. 52(b) and did not require the government to prove that the error was harmless beyond a reasonable doubt. *Id.* at 2096. We need not decide whether *Greer* has implications for *Tovarchavez* because on the facts of this case, we would find material prejudice to Appellant's rights under Article 59(a), UCMJ, even if we did not require the Government to prove that the *Hills* error was harmless beyond a reasonable doubt.

We therefore set aside the findings that Appellant is guilty of Charge II and Specification 8 of Charge II. Because we have set aside these findings, we also set aside the sentence. And because we set aside the sentence, we need not address assigned Issue III, which asks whether the ACCA abused its discretion in resentencing Appellant. We do not disturb the findings with respect to the child endangerment specification and the assault consummated by a battery specification because those findings are not challenged on appeal.

### III. Conclusion

We answer assigned Issues I and II in the affirmative. We do not answer assigned Issue III. The judgment of the United States Army Court of Criminal Appeals is affirmed in part and reversed in part. The findings as to Charge I and Specification 5 of Charge I, and Charge IV and the Specification of Charge IV are affirmed. The findings as to Charge II and Specification 8 of Charge II are set aside. The sentence is set aside. The record is returned to the Judge Advocate General

of the Army. A rehearing on Charge II and Specification 8 of Charge II is authorized. A rehearing on the sentence is also authorized.